**EFiled: Oct 30 2014 04:26PM EDT**
**Transaction ID 56270437**
**Case No. 5957-VCN**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

October 30, 2014

Thad J. Bracegirdle, Esquire
Wilks, Lukoff & Bracegirdle, LLC
1300 North Grant Avenue, Suite 100
Wilmington, DE  19806

Seth J. Reidenberg, Esquire
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, DE  19801

Mr. Christophe Laudamiel
313 West 19th Street, Apt. 32
New York, NY  10011
cl@leschristophs.com

DreamAir LLC
c/o Christophe Laudamiel, President
210 11th Avenue, Suite 1002
New York, NY  10001
cl@dreamair.mobi

Paul D. Brown, Esquire
Chipman Brown Cicero & Cole, LLP
1007 North Orange Street, Suite 1110
Wilmington, DE  19801

Re:  *Matthew v. Laudamiel, et al.*
C.A. No. 5957-VCN
Date Submitted:  September 3, 2014

Dear Mr. Laudamiel and Counsel:

Plaintiff Stewart Matthew has moved for summary judgment as to Count I of

the Counterclaims of Defendant Christophe Laudamiel.  Mr. Laudamiel is now

proceeding as a self-represented litigant.[1]  That status, unfortunately, complicates consideration of the motion.  The recurring procedural problem is the requirement that the party opposing a motion for summary judgment "made and supported as provided in [Court of Chancery Rule 56]" must provide "specific facts" supported by affidavit or equivalent to demonstrate that a material fact is in dispute that would save the claim for trial.[2]

In Count I, Mr. Laudamiel alleges that the Plaintiff breached Aeosphere's limited liability company ("LLC") agreement.  The allegation is significant for several reasons, the foremost being that the Court denied Plaintiff's motion for summary judgment on his claim that Mr. Laudamiel breached the LLC agreement because of the allegation of prior material breach by Plaintiff (that would have excused any breach by Mr. Laudamiel).  Plaintiff anticipates that obtaining judgment dismissing Count I will clear the way for summary judgment in his favor on his claim that Mr. Laudamiel breached the LLC agreement by dissolving Aeosphere without Plaintiff's approval.

---

[1] His counterclaims were filed by counsel who subsequently withdrew.
[2] Ct. Ch. R. 56(e).

More specifically, Mr. Laudamiel claims that Plaintiff materially breached the LLC agreement by: (1) unilaterally approving actions and entering into contracts on behalf of Aeosphere without Mr. Laudamiel's knowledge or agreement; (2) refusing to take action on various contracts and transactions on behalf of Aeosphere; (3) unreasonably refusing to seek agreement on various contracts and actions for which Plaintiff's approval was required or to allow a tie-breaking vote; (4) unreasonably refusing to cooperate in managing Aeosphere; (5) refusing to attend key meetings and events on behalf of Aeosphere; (6) diverting Aeosphere's resources to the Scent Opera for his own benefit; and (7) refusing to attend or otherwise participate in an emergency board meeting on May 4, 2010.[3]

The Court's analysis as to whether there are no material facts in dispute and Plaintiff is entitled to judgment as a matter of law will necessarily draw on the record before the Court, built by deposition, affidavit, or the like, and not on

---

[3] Defs. Christophe Laudamiel's, Roberto Capua's, Action 1 SRL's and DreamAir LLC's Verified Answer to Third Am. Verified Compl. and Verified Countercls. ¶ 54, Apr. 23, 2013. Briefing on the instant motion was directed at the April 2013 answer and counterclaims. Mr. Laudamiel filed an amended answer and counterclaims just prior to oral argument on the motion. The text of Count I of both counterclaims is substantially the same.

various statements or writings that do not satisfy the requirements of Court of Chancery Rule 56. Given the voluminous record, the Court depends upon guidance offered by counsel and the parties; it will not engage in an investigation of all documents that may somehow be considered part of the record.

Count I of Mr. Laudamiel's counterclaims asks the Court to analyze the record on two levels: first, did Plaintiff breach any of his contractual obligations and, second, did Plaintiff materially breach any of his contractual obligations? Typically, whether a breach is material is a question of fact that cannot readily be resolved under the summary judgment standard.[4] Nonetheless, a question of materiality does not inevitably defeat a summary judgment motion if the alleged breach, as a matter of law, was not material.[5] This case provides an example of the latter situation. Whether Plaintiff breached his obligations is debatable and not

---

[4] *See, e.g.*, *Matthew v. Laudamiel*, 2012 WL 2580572, at *10 (Del. Ch. June 29, 2012) ("[T]he 'issue of materiality . . . is . . . predominately a question of fact, which is not generally suited for disposition by summary judgment.'" (quoting *Branson v. Exide Elecs. Corp.*, 645 A.2d 568, 1994 WL 164084, at *2 (Del. Apr. 25, 1994) (TABLE))).

[5] *See, e.g.*, *Tex. Instruments Inc. v. Qualcomm Inc.*, 2004 WL 1631356, at *1 (Del. Ch. July 14, 2004), *aff'd*, 875 A.2d 626 (Del. 2005); *cf. HIFN, Inc. v. Intel Corp.*, 2007 WL 1309376, at *11-13 (Del. Ch. May 2, 2007) (finding, at the summary judgment stage, that delay was not reasonable, while acknowledging that reasonableness generally poses a question of fact).

amenable to resolution by summary judgment. It is, however, clear that his contractual breaches, if any, were not material.

Plaintiff's failures, as framed by Mr. Laudamiel, fall generally into three categories: (1) acting unilaterally without approval; (2) failing to agree on or approve various contracts or courses of action for Aeosphere; and (3) failing to attend important meetings and events. It may be that the disputes were a matter of divergent—but honestly held—views. There is no doubt that Plaintiff and Mr. Laudamiel had disagreements. Yet whether they acted reasonably is difficult to discern. How much information was shared and how legitimate their differences were are but two of the many questions arising out of the eventual breakup of Plaintiff's business relationship with Mr. Laudamiel. For example, Plaintiff's conduct during the lease negotiations in New York cannot be fully assessed. Perhaps he breached his duties, and damages resulted. Similarly, whether Plaintiff acted reasonably with respect to the Firmenich Exclusive Supplier Agreement is open to factual debate. Thus, there are material factual disputes that would interfere with a summary judgment analysis if the question were merely one of whether Plaintiff breached any obligation.

On the other hand, the various breaches identified by Mr. Laudamiel are not material as a matter of law.[6] Plaintiff's actions had no material effect on Aeosphere, and thus no material effect on Mr. Laudamiel. Bringing the third director (Capua) into the process would have, presumably, provided Mr. Laudamiel with a working majority of the board, and Mr. Laudamiel has not explained why the board could not have overridden or circumvented Plaintiff's less than cooperative behavior.[7] The record also does not reflect material financial damage.[8] As for the failure to attend meetings and events, such conduct might

---

[6] Materiality, in the context of contractual breach, is explained in *Biolife Solutions, Inc. v. Endocare, Inc.*, 838 A.2d 268, 278 (Del. Ch. 2003). One factor in determining materiality is "'the extent to which the injured party will be deprived of the benefit which he reasonably expected.'" *Id.* (quoting Restatement (Second) of Contracts § 241 (1981)).

[7] Mr. Laudamiel's counterclaims suggest that perhaps there could be no tie-breaking vote without Plaintiff's first voting against a proposal, but Mr. Laudamiel's arguments on summary judgment do not pursue this contention. It does appear, however, that Mr. Laudamiel and Mr. Capua used the tie-breaking authority to approve the Firmenich Exclusive Supplier Agreement and the New York Lease. *See* App. of Dep. Trs. Cited in Supp. of Pl.'s Mot. for Summ. J. Ex. 4, at 100-01.

[8] With respect to the examples of potential breach, such as those involving the New York Lease and the Firmenich Exclusive Supplier Agreement, the record does not show that any resulting damage suffered by Aeosphere would have been significant.

Other breaches alleged by Mr. Laudamiel involved Plaintiff's entry into contracts on behalf of Aeosphere and taking a number of actions without his consent. Whether the contracts and actions were proper raises a factual question, but the expenditures—especially when assessed in relation to the then-current financial condition of Aeosphere—were not material to Aeosphere.

qualify as material had Plaintiff's absence mattered. The topic for the emergency board meeting, for example, was the dissolution of Aeosphere, which could not be achieved without either unanimous approval of the members[9] or resort to the judicial process. Plaintiff, however, would have opposed dissolution, and his presence would have been of no consequence.[10] Thus, Plaintiff's motion for summary judgment on Count I of Mr. Laudamiel's counterclaims is granted to the extent that it alleges material breach.[11]

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:     Register in Chancery-K

---

[9] *See Matthew*, 2012 WL 2580572, at *7-8 (concluding that the LLC agreement, Section 5.2.6(b)(iii), required unanimous approval for the members to wind-up Aeosphere).

[10] Mr. Laudamiel also has not presented evidence to show that failure to attend testing or other events had a material effect on Aeosphere.

[11] The Court does not dismiss claims for non-material breach which, perhaps, could justify minimal or nominal damages.